IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUPREE Y. HILL,<br><br>    Defendant. | 4:20-CR-3120<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 469) and moved for a downward variance (filing 482).

  IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected (filing 469) to the assessment of a two-level adjustment to the offense level pursuant to U.S.S.G. § 2K2.1 for the involvement of a stolen firearm in the offense. *See* filing 470. That enhancement applies when a stolen firearm was possessed as relevant conduct to the offense of conviction—in this case, if Bryan Castillo's theft of a shotgun from a motor vehicle was relevant conduct, as explained in U.S.S.G. § 1B1.3(a), to the firearms conspiracy to which the defendant pled guilty. *See United States v. Cole*, 525 F.3d 656, 660 (8th Cir. 2008); *see also United States v. Mahone*, 688 F.3d 907, 909-10 (8th Cir. 2012). Because the government bears the burden of proving the applicability of an enhancement to the offense level, *see United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014), the Court will resolve this objection on the evidence at sentencing.

The defendant has also moved (filing 482) for a downward variance based on his personal circumstances and the circumstances of the offense. *See* filing 484. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of June, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge